UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL PALACKDHARRY, MD,<br><br>    Plaintiff,<br><br>    v.<br><br>CVS HEALTH CORP., AETNA RESOURCES, LLC, JONATHAN RUBENS, MD,<br><br>    Defendants. | No. 24 CV 10256<br><br>Judge April M. Perry |

## MEMORANDUM OPINION AND ORDER

Before this Court is a motion to dismiss, or in the alternative for judgment on the pleadings, filed by Defendant Dr. Jonathan Rubens ("Dr. Rubens"). Doc. 10. For the following reasons, Defendant's motion to dismiss is granted.

## BACKGROUND

Plaintiff Dr. Carol Palackdharry ("Plaintiff") was employed by Defendant Aetna Resources LLC ("Aetna"), a subsidiary of Defendant CVS Health Corporation ("CVS"), as a Senior Medical Director for the ActiveHealth Management division. Doc. 1 ¶¶ 2, 4. During the relevant time period, Dr. Rubens was the Chief Medical Officer for the ActiveHealth Management division. Doc. 1 ¶ 3.

Plaintiff is 63 years old and suffers from cervical and lumbar spine arachnoiditis, which limits her physical ability in a number of ways. Doc. 1 ¶¶ 14, 15. Still, Plaintiff claims that she had several years of "superb" job performance for Aetna / CVS, consistently received excellent performance evaluations and feedback, and earned more than a dozen recognitions for her leadership and contributions in 2022 alone. Doc. 1 ¶¶ 16, 21, 25.

Dr. Rubens was the supervisor of Plaintiff's direct supervisor. Doc. 1 ¶ 20. According to the complaint, Dr. Rubens "engaged in a pattern of demeaning behavior toward women in the workplace," including by referring to female leaders as "Barbies," and specifically demeaned Plaintiff and made negative unsupported comments in Plaintiff's performance evaluations. Doc.

1 ¶¶ 26-27. The complaint outlines several instances in which it is alleged that Dr. Rubens engaged in sex stereotyping or undermined Plaintiff because of her disability. Doc. 1 ¶¶ 28-31.

In 2021, Plaintiff alleges that she informed Dr. Rubens that she believed his behavior was discriminatory. Doc. 1 ¶ 32. According to Plaintiff, Dr. Rubens then "began excluding her from essential discussions, stopped communicating with her, and interfered with her performance evaluations by placing negative feedback in her reviews." Doc. 1 ¶ 32. In the spring of 2022, Plaintiff took her concerns to her direct supervisor, as well as a CVS ombudsperson. Doc. 1 ¶ 34. Shortly thereafter, Dr. Rubens threatened to eliminate Plaintiff's position. Doc. 1 ¶ 36. When Plaintiff began applying for internal positions at CVS, she alleges that Dr. Rubens "blackballed" her by giving her negative references and having her coded in the HR system as "suspended." Doc. 1 ¶¶ 39-40. Plaintiff was eventually terminated effective December 2022. Doc. 1 ¶ 59

Plaintiff subsequently filed suit against Aetna, CVS, and Dr. Rubens alleging ten counts of employment discrimination, harassment, retaliation and wrongful termination. Dr. Rubens is named only in Count Seven (sex discrimination, harassment, and wrongful termination in violation of the Illinois Human Rights Act ("IHRA")), Count Eight (age discrimination and wrongful termination in violation of the IHRA), Count Nine (disability discrimination and wrongful termination in violation of the IHRA), and Count Ten (retaliation in violation of the IHRA). Doc. 1 at 19-22.

## ANALYSIS

Dr. Rubens moves to dismiss Plaintiff's complaint on two bases: (1) failure to exhaust administrative remedies; and (2) lack of personal jurisdiction. Because the Court finds that Plaintiff has failed to exhaust her administrative remedies with respect to Dr. Rubens, the case against him must be dismissed and there is no reason to address Dr. Rubens' argument regarding personal jurisdiction.

The Court begins by noting two points of agreement between the parties. First, the parties agree that a plaintiff may not bring suit under the IHRA without first exhausting her administrative remedies. Second, the parties agree that Plaintiff did file a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), and that the charge named only "Aetna CVS Health" as a respondent.[1] Thus, the key question for this Court is whether Plaintiff was required to name Dr. Rubens as a respondent in her IHRA complaint in order to exhaust her administrative remedies as to Dr. Rubens.

Under Illinois law, the IHRA "is the exclusive source for redress of civil rights violations" and failure to exhaust administrative remedies under the IHRA deprives a court of subject matter jurisdiction over the claim. *Black v. Jeevanandam*, 2022 WL 17166248, at *5 (Ill. App. Ct. 2022). Illinois appellate courts have split on the issue of whether an individual may

---

[1] Plaintiff attached to her complaint the IDHR "notice of dismissal and closure" which contains a case caption that names only Aetna CVS Health as the respondent. Doc. 1 at 27. The Court is entitled to take judicial notice of such a public record. *Radaszewski v. Maram*, 383 F.3d 599, 600 (7th Cir. 2004).

later be subject to suit if they were not explicitly named as a respondent in an IHRA complaint. *Compare id.* (dismissing a suit for sexual harassment against the University of Chicago for failure to exhaust administrative remedies because plaintiff had named the University of Chicago Medical Center in her IHRA complaint) *with Fennell v. Royal Mgmt. Corp.*, 2017 WL 6730063, at *5 (Ill. App. Ct. 2017) (allowing suit to proceed against a legal entity that had not been named as a respondent in an IHRA complaint). However, *Fennell* is the only Illinois case this Court could find where an entity not named in the IHRA complaint was found to be subject to suit, and involved what the court referred to as "very unique facts." 2017 WL 6730063, at *5. In *Fennell*, the plaintiff was employed at an assisted living facility managed by a separate company. *Id.* at *1. The plaintiff did not realize there was a legal distinction between the assisted living facility and management company, and in fact they had a mutuality of ownership and directors, shared attorneys, and had the same registered agent. *Id.* Moreover, both entities were aware of the IHRA complaint. *Id.* at *5. Thus, the court in *Fennell* denied a motion to dismiss for failure to exhaust administrative remedies, on grounds that "[u]nder the totality of the circumstances, this is not a situation where plaintiff's complaint ought to be dismissed for failure to exhaust administrative remedies." *Id*.

Plaintiff argues that the test for determining whether administrative remedies are exhausted under the IHRA is whether the defendant had reasonable notice and an opportunity to participate in conciliation efforts at the administrative level. For support, Plaintiff cites *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981) and *Washington v. Bright Start Child Care & Preschool, Inc.*, 2020 WL 1491181 (N.D. Ill. Mar. 27, 2020).[2] *Eggleston* involved an EEOC complaint against a union and a later lawsuit against a joint apprenticeship committee that was a partnership between the union and a contractor's association. The committee was not named as a respondent in the pre-suit EEOC proceedings. Nonetheless, the Seventh Circuit allowed the suit to proceed against the committee based on the fact that 50% of the committee's board members were officers in the union, and that the two entities had a "substantial similarity of interests." *Id*. at 906. Because of the close relationship between the two entities and the fact that the committee had actual notice of the EEOC charge, the Seventh Circuit found that the Title VII charge could proceed, noting that the defendant "has been provided with adequate notice of the charge, [and] … has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Id*. In *Washington,* the defendant sued in federal court *was* named by the plaintiff in the IHRA complaint as a respondent, and indeed, the named defendant participated in the IDHR proceeding by responding to document requests. *Washington*, 2020 WL 1491181 *8. However, an IDHR employee omitted the defendant's name from the charges by mistake. *Id*. On these facts, the court allowed the case against the defendant to proceed, concluding it would be unfair to find the plaintiff had failed to exhaust her administrative remedies when it was the IDHR's mistake in processing her complaint that caused defendant to be omitted as a respondent. *Id*. at 9.

---

[2] Plaintiff also cites 775 ILCS 5/7A-102 to argue that reasonable notice is enough to exhaust administrative remedies, but that statute is inapplicable. 775 ILCS 5/7A-102 states that a respondent in an IHRA complaint is entitled to reasonable notice before a factfinding conference may be held; it does not speak to the rights of those who are not named as respondents at all.

This Court is not convinced that reasonable notice and an opportunity to participate in the administrative process is enough under Illinois law to exhaust remedies under the IHRA. But even if it were, Dr. Rubens did not have reasonable notice and an opportunity to be heard. In the few cases where courts have allowed lawsuits to proceed against defendants not named as IHRA respondents, those defendants had actual notice of the administrative proceedings. Here, there is no evidence that Dr. Rubens knew an administrative proceeding was ongoing. The only fact Plaintiff marshals to argue that Dr. Rubens had reasonable notice is that "Rubens admits in his own declaration to being aware of, and participating in, an internal investigation into the charges by CVS/Aetna." Doc. 22 at 5. But notice of an internal investigation by one's employer is not equivalent to notice of an EEOC or IDHR administrative proceeding. CVS and Aetna are large organizations, and Dr. Rubens did not serve on their boards or in any other capacity from which one could reasonably infer he would be notified of an administrative proceeding against either company. Because there is no evidence that Dr. Rubens knew of the IDHR proceeding, there was no opportunity for Dr. Rubens to have appeared at that proceeding and participate. Thus, even under Plaintiff's proposed test, she did not exhaust her administrative remedies as to Dr. Rubens.

Plaintiff has another problem with her IHRA claims, which neither party has raised. Much like its federal counterparts, the IHRA does not generally subject individuals to suit. *See* 755 ILCS 5/2-102A (making it unlawful for an "employer" with fifteen or more employees to engage in discrimination or terminate an employee based upon discrimination). The limited exceptions to this rule are for claims of sexual harassment, retaliation, aiding and abetting, or interfering with an investigation. *See* 775 ILCS 5/2-102D (providing liability for "agent of employer" or "employee" who engages in sexual harassment); 775 ILCS 5/6-101(it is a civil rights violation for a "person" to engage in retaliation, aiding and abetting a violation of the IHRA, or interfere with the performance of the IDHR). And when a plaintiff claims retaliation, the plaintiff must allege that the individual's retaliatory acts were personally motivated or done without the knowledge or consent of the employer. *Anderson v. Modern Metal Prods.*, 711 N.E. 2d 464, 471 (Ill. App. Ct. 1999) ("in cases where retaliation is charged, where the action is undertaken by a company official in the name of the employer, the charge must be against the employer and not against the official personally" unless the plaintiff alleges that the acts were personally motivated or were done without the knowledge or consent of the employer); *Watkins v. Office of State Appellate Defender*, 2012 IL App (1st) 111756976 N.E. 2d 387, 399-400 (Ill. App. Ct. 2012) (individual claim of retaliation dismissed because complaint did not allege that retaliation was personally motivated or done without knowledge or consent of employer). For these reasons, Counts Eight and Nine, alleging age and disability discrimination and wrongful termination, fail to state a valid claim against Dr. Rubens. Count Ten fails to state a valid claim because even though it alleges retaliation, Plaintiff does not allege that the acts were personally motivated or done without the knowledge or consent of the employer – to the contrary, the employer is alleged to have acted jointly with Dr. Rubens. Thus, even if Plaintiff had exhausted her administrative remedies, the only possible claim she could have brought against Dr. Rubens individually was Count Seven, which alleges sexual harassment.

**CONCLUSION**

      The Court finds that the charges against Dr. Rubens must be dismissed. Counts Eight, Nine, and Ten are dismissed both for failure to state a claim and for failure to exhaust administrative remedies. Count Seven is dismissed only for failure to exhaust administrative remedies.

Dated: 2/7/2025

*April M Perry*

United States District Court